LUCIER *v.* PANSY HOSIERY CO., INC.

1. STATUTES—CONSTRUCTION.
      The words of a statute are given their ordinary meaning unless it appears from the context, or otherwise in the statute, that a different sense was intended.

2. WORKMEN'S COMPENSATION—REVOCATION OF EMPLOYER'S ACCEPT-
ANCE.

   The failure of an employer to keep his insurance in force
   in accordance with the terms of the workmen's compensation
   act does not *ipso facto* revoke his acceptance of the act as an
   employer but merely provides a cause for revocation which
   may only be made after due notice and a hearing (2 Comp.
   Laws 1929, § 8412).

3. SAME—REVOCATION OF EMPLOYER'S ACCEPTANCE—NOTICE—HEAR-
ING.

   Employer's acceptance of workmen's compensation act was not
   revoked by his receipt of notice that if renewal of his in-
   surance was not received by a certain date he would be
   automatically out from under the protection of the act where
   no hearing was had as also required by statute (2 Comp.
   Laws 1929, § 8412).

4. SAME—NEGLIGENT OPERATION OF FURNACE—HOSIERY SHOP—OCCU-
PATIONAL DISEASES.

   Coughing, nausea, miscarriage and resultant permanent injuries
   to health and nervous system, suffered by employee of retail
   hosiery and sundry shop as result of inhalation and absorp-
   tion of excessive gas, smoke and poisonous and obnoxious
   fumes arising from alleged negligence in operation of defec-
   tive furnace on premises by defendant employer *held*, not
   the result of an occupational disease (2 Comp. Laws 1929,
   § 8407 *et seq.*).

5. SAME—ASSUMED RISK—OCCUPATIONAL DISEASE—ACCIDENTAL IN-
JURY—REMEDY.

   The remedy of an employee of owner of retail hosiery and
   sundry shop, subject to the workmen's compensation act,
   who suffered from coughing, nausea, miscarriage and perma-
   nent impairment of health and nervous system from inhala-
   tion and absorption of excessive gas, smoke and poisonous
   and obnoxious fumes because of allegedly negligent operation
   of defective furnace which injuries having arisen from a risk
   not characteristic of, nor normal, nor constantly present in,
   the occupation of managing a hosiery shop but rather from
   a fortuitous event which cannot be classified as an assumed
   risk inherent in such occupation or an occupational disease
   is confined to the workmen's compensation act and not in an
   action at law (2 Comp. Laws 1929, § 8407 *et seq.*).

Appeal from Wayne; Maher (John J.), J., presiding. Submitted June 14, 1938. (Docket No. 66, Calendar No. 39,988.) Decided November 10, 1938.

Case by Helen Lucier against Pansy Hosiery Company, Inc., a Michigan corporation, for alleged personal injuries sustained from the negligent operation of a furnace by defendant. Motion to dismiss by defendant. Motion granted. Plaintiff appeals. Affirmed.

*Gvazda & Shere,* for plaintiff.

*Kerr, Lacey & Scroggie* and *Lightner, Crawford, Sweeney, Dodd & Toohy,* for defendant.

McALLISTER, J. Helen Lucier was employed by defendant company from September, 1936, until February 2, 1937, as manager of a retail hosiery and sundry shop in the city of Detroit. The store in question was heated by a furnace which was operated by defendant company. Plaintiff alleged that the furnace was not in proper repair and condition for the heating of the premises; that from October until the last day of her employment, the operation of the furnace resulted in excessive gas, smoke and poisonous and obnoxious fumes, arising from the furnace and penetrating through the walls and shelves of the store, causing the premises to become dangerous and nauseating; that plaintiff and other employees complained to the officers of the corporation about the condition of the premises and were advised that the same would be remedied, but that nothing was done to correct the situation.

Plaintiff claims that because of the negligence of defendant in the operation of the furnace, her health was injured by the inhalation of the fumes and gases

from October, 1936, until February, 1937; and that on February 2, 1937, after a long period of coughing and nausea, following the absorption of the injurious gases, she suffered a miscarriage and as result thereof, together with the inhalation of poisonous fumes over the period above mentioned, she sustained permanent injuries to her health and nervous system.

Defendant company filed a motion to dismiss plaintiff's suit on the ground that it was operating under the provisions of the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*, Stat. Ann. § 17.141 *et seq.*) during the aforementioned period, and that plaintiff's remedies were confined to those set forth in such act. The records of the department of labor and industry showed that defendant filed an acceptance to be subject to the said law, with insurer's certificate in the Standard Accident Insurance Company, on June 18, 1936. This insurance company gave notice of termination of the policy as of January 1, 1937. The department of labor and industry on December 21, 1936, sent a notice to defendant that if the department did not receive renewal of insurance on or before January 1, 1937, defendant would be automatically "out from under the protection of this act." On January 4, 1937, defendant caused notice of renewal of insurance to be filed with the department; and the records of the department show defendant's acceptance to be in full force and effect as of January 4, 1937.

Plaintiff contends that she was not subject to the workmen's compensation act on February 2, 1937 because of the fact that defendant's acceptance was terminated and revoked by notice from the department as of January 1, 1937, and was not renewed until January 4, 1937. In reply to this contention,

defendant claims that its acceptance was not revoked but that the communication received from the department was merely a notice that it would be revoked and that revocation is not effective until the employer is given notice and a hearing under the provisions of the workmen's compensation act.

The theory of plaintiff's claim is that the acceptance of the terms of the act by defendant was revoked as of January 1st; that defendant thereafter did not file its acceptance of the provisions of the act until January 4, 1937, and that therefore plaintiff had not been in defendant's service for 30 days from such acceptance to the date of the injury on February 2d, and is not, therefore, deemed to have accepted, and to be subject to, the provisions of the act. 2 Comp. Laws 1929, § 8414 (Stat. Ann. § 17.148).

The rights of the parties to this controversy are governed by the workmen's compensation act which provides, so far as relevant to the question in issue, that:

"The acceptance of any employer, *after due notice and hearing,* may be revoked by the commission for a failure to keep in force insurance in cases where insurance is ordered or for a violation of any of the provisions of this act." (2 Comp. Laws 1929, § 8412, Stat. Ann. § 17.146.)

The above provision provides for revocation by the department of the employer's acceptance for failure to keep insurance in force after due notice and hearing. Such notice and hearing is made, by the express provisions of the statute, a condition precedent to revocation. The words of a statute are given their ordinary meaning, unless it appears from the context, or otherwise in the statute, that a different sense was intended. *People* v. *Labbe,* 202

Mich. 513; 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 390.

In *Maki* v. *William Bonifas Lumber Co.*, 278 Mich. 610, the court had before it for consideration a similar question, including a notice from the department, identical in form and substance to that in the instant case. In passing upon such proposition, the court said:

"The failure of the department of labor and industry to give Mannie *due notice and hearing* as is prescribed by 2 Comp. Laws 1929, § 8412, presents a situation where, at the time of the accident to plaintiff, Mannie was still subject to the provisions of the compensation law. The failure of Mannie to keep in force insurance as is provided by this section does not *ipso facto* revoke his acceptance as an employer. It is merely a cause for revocation."

By the terms of the statute, therefore, the department must, in order to effect a revocation, do two things, namely: give due notice, and provide a hearing. In this case, due notice was given but there was no hearing. Whatever may be the advisability of giving the department the power to revoke the acceptance of an employer whose insurance lapses, such is not the question before this court. The statute definitely provides that such revocation can be had only after due notice *and hearing*. Because there was no hearing in this case, there could be no revocation.

Under the authority of *Cell* v. *Yale & Towne Manfg. Co.*, 281 Mich. 564, and *Thomas* v. *Parker Rust Proof Co.*, 284 Mich. 260, plaintiff cannot be said to have sustained injury as the result of an occupational disease. The injuries which plaintiff suffered were not due to assuming a risk inherent in the nature of her employment by defendant com-

pany; the risk of injury to health from inhaling noxious fumes is not characteristic of, nor normal, nor constantly present in, the occupation of managing a hosiery shop. Such injuries resulted rather, from a fortuitous event which cannot be classified as one of the assumed risks inherent in the particular occupation in question, or as an occupational disease; and her remedy is under the workmen's compensation act.

The judgment of the circuit court is affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, CHANDLER, and NORTH, JJ., concurred with McALLISTER, J. POTTER, J., concurred in the result. BUTZEL, J., took no part in this decision.