HAWLEY *v.* SNIDER.

1. WORDS AND PHRASES—SAME.

The word "same" refers to one without addition, change or discontinuance; having one nature or individuality; identical; not different in any essential regard, though viewed at different times or in different aspects or relations; of one nature, degree or amount.

2. SCHOOLS AND SCHOOL DISTRICTS—ELECTIONS.

The Supreme Court cannot restrict successive elections in a school district unless such restrictions are established by statute.

3. STATUTES—CONSTRUCTION.

Words should be given a common construction according to their generally accepted meaning when construing a statute.

4. SCHOOLS AND SCHOOL DISTRICTS—ELECTIONS—BOND ISSUE—
   STATUTES.

The submission of a bond issue to the electors of a school district for the sum of $525,000 for remodeling and partially refurnishing present high school building, erecting and furnishing an additional elementary schoolhouse and an addition to the present elementary schoolhouse was not the *same* question as presented during previous month of bond issue for $1,360,000 for erecting and furnishing new high school building, an additional elementary schoolhouse and an addition to present elementary schoolhouse and acquiring additional site within restriction of statute barring submission · of "*same* question or measure   *   *   *   more often than once in 6 months" (PA 1955, No 269, § 511).

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 4] Generally, see 47 Am Jur, Schools § 11.
[3] 50 Am Jur, Statutes § 238.
[4] 43 Am Jur, Public Securities and Obligations § 104.
[5] 28 Am Jur, Injunctions § 350.
     43 Am Jur, Public Securities and Obligations § 335.

5. Costs—Public Question—School Bond Issue.

   No costs are allowed in suit to enjoin issuance of bonds for school district purposes, where question involved is one of a public nature (PA 1955, No 269, § 511).

Appeal from Jackson; Simpson (John), J. Submitted June 13, 1956. (Docket No. 62, Calendar No. 46,804.) Decided June 28, 1956.

Bill by Victor K. Hawley and other taxpayers against Raymond Snider, other school board members and the Napoleon Rural Agricultural School District of the Counties of Jackson and Washtenaw to enjoin issuance and sale of bonds. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*George R. Campbell*, for plaintiffs.

*Miller, Canfield, Paddock & Stone* (*F. M. Thrun*, of counsel), for defendants.

KELLY, J. On November 8, 1955, the following bond issue was submitted to the electors of the Napoleon Rural Agricultural School District:

"Shall Napoleon Rural Agricultural School District, Jackson and Washtenaw counties, Michigan, borrow the sum of not to exceed $1,360,000 and issue its bonds therefor, for the purpose of erecting and furnishing a new high school building, an additional elementary schoolhouse and an addition to the present elementary schoolhouse, and acquiring additional land for site purposes?"

The issue was defeated.

On December 13, 1955, the electors approved the following bond issue:

"Shall Napoleon Rural Agricultural School District, Jackson and Washtenaw counties, Michigan, borrow the sum of not to exceed $525,000 and issue its

bonds therefor, for the purpose of remodeling and partially refurnishing the present high school building, and erecting and furnishing an additional elementary schoolhouse and an addition to the present elementary schoolhouse?"

Plaintiffs and appellants filed their bill of complaint to enjoin the issuing of the bonds, claiming that the vote of December 13, 1955, violated the provisions of PA 1955, No 269, §511 (Stat Ann 1955 Cum Supp § 15.3511), which read, in part:

"Provided further, That the same question or measure involving consolidation of school districts, annexation of entire districts, annexation or transfer of a portion of 1 school district to another; or bonding of school districts, shall not be submitted to the voters of any school district more often than once in 6 months, anything in part 1 or part 2 of this act to the contrary notwithstanding."

The sole question presented in this appeal is whether the *same* measure or question in regard to a bond issue was submitted to the electors of the district "more often than once in 6 months."

In denying plaintiffs' bill of complaint to enjoin the issuing of the bonds, the trial court stated:

"The court interprets the act as meaning 'substantially the same,' and, in the opinion of the court, these 2 bond issues were not 'substantially the same.' And, therefore, the court determines that the temporary injunction should be dismissed in the hope the cause may be appealed to the Supreme Court to have that Court's interpretation of this new act of the legislature."

Webster's New International Dictionary (2d ed, Unabridged) defines the word "same" when used as an adjective (as it is used in section 511 above), as follows:

"Being one without addition, change, or discontinuance; being no other; having one nature or individuality; identical; * * * not different in any essential regard, though viewed at different times or in different aspects or relations."

"The ordinary meaning of the word 'same' is 'identical;' 'identical in substance or numerically;' 'of one nature, degree or amount.'" Cyclopedic Law Dictionary (3d ed), p 995.

The legislative history of the enactment of section 511 of the school code discloses that as originally introduced (Senate Bill No 1052) there were no restrictions in regard to the time that must elapse between the submission of successive bond issues. The original senate bill was amended, however, on March 30, 1955, to provide as follows:

"Provided further, That no question or measure involving consolidation of school districts, annexation of entire districts, annexation or transfer of a portion of 1 school district to another, or bonding of school districts, shall be submitted to the voters of any school district more often than once in 6 months, anything in part 1 or part 2 of this act to the contrary notwithstanding."

The house of representatives objected to the provision that "no question or measure * * * shall be submitted to the voters of any school district more often than once in 6 months," and changed the language to read *"the same* question or measure * * * shall *not* be submitted to the voters of any school district more often than once in 6 months."

The senate accepted this amendment, and the school code of 1955 (PA 1955, No 269) was passed by the senate on May 26, 1955, and became effective July 1, 1955.

In the recent case of *Chapel* v. *School District No. 8, Fractional, Parma Township, Jackson County,* 334

Mich 176, this Court held that we cannot restrict successive elections in a school district unless such restrictions are established by statute. We held in *People* v. *Labbe,* 202 Mich 513; and in *Lucier* v. *Pansy Hosiery Co., Inc.,* 286 Mich 585, that in construing a statute words should be given a common construction according to their generally-accepted meaning.

There was a marked difference of $835,000 in the amount of the bond issue submitted to the electors on November 8, 1955, and the one submitted on December 13, 1955; and, also, the items and purposes set forth in the bond issue of December 13, 1955, were materially different from those submitted on November 8, 1955.

We cannot agree with appellants' contention that the submission of the bond issue in December constituted an effort to evade the express words of the statute, nor can we agree that it was the legislative intent that the bond question should not have been submitted to the electorate in December, 1955.

The trial court correctly interpreted the legislative intent as expressed in the act.

Judgment affirmed. No costs, the question involved being of a public nature.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, CARR, and BLACK, JJ., concurred.