Cavanagh, J.
(concurring). I agree with this Court’s conclusion that MCL 211.34d(1)(b)(viii) is unconstitutional and that public-service improvements are not “additions” to the property within the meaning of that term in Const 1963, art 9, § 3, as amended by Proposal A. I write to address this Court’s comments on the method for determining ambiguity. The opinion states that a “term is ambiguous ‘when [the term] is equally susceptible to more than a single meaning,’ Lansing Mayor v Pub Service Comm, 470 Mich 154, 166; 680 NW2d 840 (2004), not when reasonable minds can disagree regarding its meaning.” Ante at 15-16 n 2. Inasmuch as this statement implies that there is one, and only one, valid method for determining ambiguity, I disagree.
*17 In Perez v Keeler Brass Co, 461 Mich 602, 610; 608 NW2d 45 (2000), this Court concluded that the single, unclear term “refuses” was ambiguous.[1] In People v Denio, 454 Mich 691, 702; 564 NW2d 13 (1997), this Court concluded that the term “penalty” was ambiguous. This Court stated that ambiguity exists if “a statute is susceptible to more than one interpretation ... .”[2] Id. at 699. Further, this Court noted that “a statute that is unambiguous on its face can be ‘ “rendered ambiguous by its interaction with and its relation to other statutes.” ’ ”[3] Id., quoting People v Jahner, 433 Mich 490, 496; 446 NW2d 151 (1989), quoting 2A Sands, Sutherland Statutory Construction, § 46.04, pp 86-87. In Elias Bros Restaurants, Inc v Treasury Dep’t, 452 Mich 144, 150; 549 NW2d 837 (1996), this Court concluded that a statute was ambiguous when applied to the facts presented.[4]
*18 These valid, time-tested methods are valuable for statutory analysis in the complex legal and factual circumstances presented to any court.[5] These methods promote precision and facility in faithfully discerning legislative intent. They are equal in validity to the test this Court applies today. “Ambiguity exists when a statute is capable of being understood by reasonably well-informed persons in two or more different senses.” 2A Singer & Singer, Sutherland Statutes & Statutory Construction (7th ed), § 45:2, p 13.
The definition applied by the Court of Appeals is time-tested and proper. However, the operative concept is “reasonable.” It does not matter if two parties argue vehemently for two different meanings of a word. It is an objective analysis. Therefore, though I believe that the test is proper, I believe the Court of Appeals applied it improperly in this case.

 See also Lansing Mayor, supra at 175-176 (Cavanagh, J., dissenting); Yellow Freight Sys, Inc v Michigan, 464 Mich 21, 38; 627 NW2d 236 (2001) (Cavanagh, J., dissenting).

 See also, e.g., ASAP Storage, Inc v City of Sparks,_Nev_,_; 173 P3d 734, 739 (2007) (finding ambiguity when there is a “meaning that it is susceptible to ‘two or more reasonable but inconsistent interpretations’ ”) (citation omitted); State v Fasteen, 740 NW2d 60, 63 (ND, 2007) (stating that a “statute is ambiguous if it is susceptible to meanings that are different, but rational”); State v Strode, 232 SW3d 1, 12 (Tenn, 2007) (holding that a statute is ambiguous if it is “susceptible of two interpretations”).

 See also, e.g., FDA v Brown & Williamson Tobacco Corp, 529 US 120, 132; 120 S Ct 1291; 146 L Ed 2d 121 (2000) (stating that ambiguity may only become apparent when words or phrases are placed in the context of the statutory framework); Brown v Gardner, 513 US 115, 118; 115 S Ct 552; 130 L Ed 2d 462 (1994) (stating that ambiguity is a “creature” of statutory context); McLean v McLean, 323 NC 543, 548; 374 SE2d 376 (1988) (determining that the ambiguity of the statute was revealed when compared to another statute).

 See also, e.g., State v Peterson, 247 Wis 2d 871, 885; 634 NW2d 893 (2001) (stating that a statute may be unambiguous in one factual setting and ambiguous in another).

 “Accepted rules of statutory construction can provide helpful guidance in uncovering the most likely intent of the legislature.” 2A Singer & Singer, Sutherland Statutes & Statutory Construction (7th ed), § 45:2, p 15.