# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 17, 2008

136379

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

NATHAN JON WYATT,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136379
COA: 284367
Jackson CC: 99-094110-FC

On order of the Court, the application for leave to appeal the April 17, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

Defendant pleaded no contest to three counts of first-degree criminal sexual conduct, and the Court of Appeals denied his application for leave to appeal. The dissent concludes that we "should grant leave to appeal to determine whether defendant is entitled to an appeal as of right." However, because defendant has never even attempted to file an appeal as of right, I do not believe this issue is even before this Court. Moreover, even if it is, I do not believe that defendant is entitled to such an appeal. Proposal B, which eliminated appeals of right in plea cases, became effective on December 27, 1994. Defendant's own confession establishes that at least some of his sexual assaults occurred long after this date. Further, the Court of Appeals has already considered the merits of defendant's issues and found them "lack[ing] of merit." Finally, although the prosecutor "begrudgingly" recommended that this Court remand to the Court of Appeals, defendant is not thereby entitled to an appeal of right. For these reasons, I concur in the order denying leave to appeal.

CAVANAGH, J., would remand this case to the Court of Appeals for consideration as on leave granted.

KELLY, J. (*dissenting*).

The Court should grant leave to appeal to determine whether defendant is entitled to an appeal as of right.

This case involves the effect of Proposal B. In November 1994, the people of Michigan ratified Proposal B, which amended the Michigan Constitution to limit criminal appeals and was intended to reduce the burden imposed by plea-based convictions on the appellate system. Before December 27, 1994, the Michigan Constitution afforded a criminal defendant an appeal as of right from any conviction.[1] After Proposal B passed, a defendant no longer had an appeal as of right if he or she had pleaded guilty or no contest to a criminal charge. Under these circumstances, an appeal could be heard only if the Court of Appeals granted leave to appeal.

In 1999, defendant pleaded no contest to a series of offenses that occurred "on or about" November 1994 through May 1995. He timely requested appellate counsel after his sentencing. Unfortunately for him, a court clerk misfiled his request, and it sat unanswered for 8 ½ years. The circuit court finally found and acted on the request in 2008.[2]

The dates of the offenses for which defendant pleaded no contest straddle the cutoff date for appeals of right. It is not clear whether Proposal B applies to offenses that occurred both before and after the December 27, 1994, cutoff date. No caselaw has addressed this issue. Under circumstances such as these, courts traditionally apply the rule of lenity, mitigating the effects of the unclear law.[3] "This rule of narrow construction is rooted in the concern of the law for individual rights, and in the belief that fair warning should be accorded as to what conduct is criminal and punishable by deprivation of liberty or property."[4]

---

[1] Const 1963, art 1, § 20.

[2] Presumably defendant would have filed an appeal as of right in this case had the court clerk not "lost" his request for the appointment of appellate counsel. As it is, by the time counsel was appointed, defendant no longer had that option. Hence, it is unfair to him for Justice Markman to suggest that, because defendant never attempted to file an appeal as of right, the issue is not before the Court. Had defendant filed an appeal as of right 8 ½ years after sentencing, the Court of Appeals surely would have denied it out of hand.

[3] See *People v Denio,* 454 Mich 691, 699-700 (1997).

[4] *Huddleston v United States*, 415 US 814, 831 (1974), citing *United States v Wiltberger*, 18 US (5 Wheat) 76, 95 (1820).

Hence, it appears that defendant in this case may be entitled to an appeal as of right. Both defendant and the prosecutor urge this Court to recognize that right. After the Court of Appeals denied defendant leave to appeal, the prosecutor continued to recommend granting him an appeal as of right, and urged this Court to so rule "to be safe." We should not ignore the prosecutor's admonition for caution. Defendant's plea was for conduct occurring, in part, before the cutoff date of Proposal B. Given the likelihood that Proposal B does not apply in this case, the Court should grant leave to appeal to resolve this question.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 17, 2008

_____
Clerk

s1014