BEAUDRIE v ANCHOR PACKING COMPANY

WRIGHT v ANCHOR PACKING COMPANY

SMITH v ARMSTRONG WORLD INDUSTRIES, INC

Docket Nos. 152023, 152024, 152025. Submitted April 7, 1994, at Detroit. Decided July 18, 1994, at 9:10 A.M.

Ruth Beaudrie, as personal representative of the estate of Merel Beaudrie, brought a wrongful death action in the Wayne Circuit Court against Anchor Packing Company and others. Emogene Wright, as personal representative of the estate of Ralph Wright, brought a similar action in the Wayne Circuit Court against Anchor Packing Company and others. Juanita Smith, as personal representative of the estate of Willie B. Smith, brought a wrongful death action in the Wayne Circuit Court against Armstrong World Industries, Inc., and others. In each action, the plaintiff sought damages for the death of the decedent from mesothelioma caused by exposure to asbestos. The Silicosis, Dust Disease, and Logging Industry Compensation Fund filed in each action a notice of lien on any settlement or judgment recovered by the plaintiff and was permitted to intervene in each action to protect its lien interest. Each plaintiff entered into a settlement with certain of the defendants, and the court, James E. Mies, J., entered a consent judgment in each action. Each judgment divided the recovery among the interested parties and provided that the fund could exercise its lien against the entire judgment, irrespective of whether payable for economic or noneconomic losses or whether payable to parties who were not beneficiaries of work-

REFERENCES

Am Jur 2d, Workers' Compensation § 457.

What law governs the distribution, apportionment, or disposition of damages recovered for wrongful death. 92 ALR2d 1129.

Third-party tortfeasor's right to have damages recovered by employee reduced by amount of employee's workers' compensation benefits. 43 ALR4th 849.

Right of workers' compensation insurer or employer paying to a workers' compensation fund, on the compensable death of an employee with no dependents, to indemnity or subrogation from proceeds of wrongful death action brought against third-party tortfeasor. 7 ALR5th 969.

er's compensation benefits. Each plaintiff appealed, and the fund cross appealed in the Beaudrie and Wright appeals. The appeals were consolidated.

The Court of Appeals *held:*

1. The fund's right to reimbursement is controlled by § 827(5) of the Worker's Disability Compensation Act, MCL 418.827(5); MSA 17.237(827)(5), which in *Eddington Estate v Eppert Oil Company,* 441 Mich 200 (1992), was construed by a majority of the Supreme Court as permitting reimbursement from the entire amount of a third-party recovery for the death of an employee irrespective of the type of damages recovered. Accordingly, the trial court properly allowed the fund to assert its lien with respect to those portions of the recovery designated for loss of consortium or loss of society and companionship.

2. The fund concedes that *Eddington* precludes its assertion of its lien with respect to any portion of the recovery designated for a party who was not eligible for worker's compensation benefits as a result of the decedents' deaths. Accordingly, the trial court's orders must be reversed to the extent that they permit the liens to attach to the recoveries of the decedents' adult, nondependent children.

3. The fund's failure to object in the trial court to the allocation of the proceeds or to examine witnesses with respect to the allocation of the proceeds precludes raising the question of the allocation of the proceeds by way of cross appeal.

Affirmed in part, reversed in part, and remanded.

WORKER'S COMPENSATION — WRONGFUL DEATH — REIMBURSEMENT.

An employer or a worker's compensation carrier may seek reimbursement from a third-party tort recovery for the death of an employee, including damages for loss of consortium or loss of society and companionship, where the recipient of the tort recovery also is eligible to receive worker's compensation benefits (MCL 418.827[5]; MSA 17.237[827][5]).

*Zamler, Mellen & Shiffman, P.C.* (by *Neil A. Kay*) and (*Daryl Royal,* of Counsel), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Silicosis, Dust Disease, and Logging Industry Compensation Fund.

Before: Cavanagh, P.J., and Jansen and D. C. Kolenda,* JJ.

Per Curiam. Plaintiffs in these three consolidated cases appeal as of right from the portion of the trial court's orders applying the worker's compensation lien of the Silicosis, Dust Disease, and Logging Industry Compensation Fund to all damages recovered in each case. In Docket Nos. 152023 and 152024, the fund cross appeals from the allocation of the tort recovery. We affirm in part and reverse in part.

Decedents, Merel Beaudrie, Ralph Wright, and Willie Smith, died from mesothelioma resulting from exposure to asbestos. The personal representative of each estate brought wrongful death actions against a number of defendants. Pursuant to §§ 531(3) and 827 of the Worker's Disability Compensation Act, MCL 418.531(3); MSA 17.237(531) (3), and MCL 418.827; MSA 17.237(827), the fund filed a notice of lien on any settlement or judgment recovered by plaintiffs. The court granted the fund's motion to intervene to protect the lien. Each case was ultimately settled. The court incorporated each settlement in a consent judgment that indicated the settlement in that case, the manner in which the recovery was to be divided among the interested parties, and the portion of the recovery that was subject to the fund's lien. This appeal and cross appeal followed.

Plaintiffs argue on appeal that the trial court erred in subjecting to the worker's compensation lien (1) damages payable for loss of consortium or loss of society and companionship and (2) damages payable to those interested parties who were not worker's compensation beneficiaries.

Where an employee who has received worker's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

compensation benefits recovers in a third-party tort action, the employer or the compensation carrier that paid the benefits is entitled to reimbursement from the recovery under § 827(5), which provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

Our Supreme Court construed this subsection in *Eddington Estate v Eppert Oil Co*, 441 Mich 200; 490 NW2d 872 (1992). The lead opinion, written by Justice BRICKLEY and joined by Justices RILEY and GRIFFIN, would have held that the subsection entitled the worker's compensation carrier to seek reimbursement from the entire amount of the third-party tort recovery obtained as a result of the death of an employee, regardless of the classification of the damages (as either economic or noneconomic) and regardless of whether the recipient of the proceeds was entitled to receive compensation benefits. *Id.* at 204. Justice MALLETT agreed that the classification of the damages was immaterial, but argued that the status of the claiming party should dictate whether the lien would attach. *Id.* at 218-219.

Justice MALLETT agreed in part with the result of the lead opinion, but dissented from part IV(c) of

that opinion, which would permit the employer to recover from loss of society and companionship damages awarded to the deceased employee's non-dependent parents. *Id.* at 218. Because Justice MALLETT expressly dissented only from part IV(C) of the lead opinion, it is appropriate to read his opinion as concurring in both the reasoning and the result of the remainder of the lead opinion. Accordingly, with the exception of part IV(C), *Eddington* constitutes binding precedent under the doctrine of stare decisis. See *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976); *Breckon v Franklin Fuel Co,* 383 Mich 251, 279; 174 NW2d 836 (1970), overruled on other grounds in *Smith v Detroit,* 388 Mich 637, 651; 202 NW2d 300 (1972). *Eddington* thus stands for the proposition that, where the recipient is a worker's compensation beneficiary, a worker's compensation carrier is entitled to reimbursement from the entire amount of the third-party tort recovery awarded, regardless of the type of damages recovered.[1]

In the present case, therefore, the trial court did not err in permitting the fund's lien to attach to damages for loss of consortium or loss of society and companionship.[2]

The fund concedes that, under *Eddington,* any recovery made by a party who is not eligible for worker's compensation benefits is not subject to the worker's compensation lien. In light of the

[1] To the extent that Judge CAVANAGH may have stated otherwise in *Piper v Chrysler Corp,* unpublished opinion per curiam of the Court of Appeals, decided April 13, 1994 (Docket No. 145931), p 3, n 1, he is now of the view that Justice MALLETT's partially concurring opinion renders the applicable portion of *Eddington* binding authority.

[2] In *Tucker v Clare Bros Ltd,* 196 Mich App 513, 520; 493 NW2d 918 (1992), this Court asserted that the right to reimbursement does not extend to a spouse's recovery for loss of consortium. That case is distinguishable from the present case, because the employee in *Tucker* suffered nonfatal injuries. The distinction is a significant one. *Hearns v Ujkaj,* 180 Mich App 363, 370-371; 446 NW2d 657 (1989).

fund's concession, we decline to consider the merits of this issue, and we reverse the decision of the trial court to the extent that it permitted the lien to attach to the recoveries of the decedents' adult, nondependent children.

On cross appeal, the fund argues that the percentages of the third-party recoveries awarded to the adult, nondependent children in the Beaudrie and Wright cases constitute an effort to circumvent the fund's lien and are unsupported by the record.

By failing both to cross-examine witnesses when it had the opportunity to do so and to object to the allocation of the proceeds among the interested parties, which failure was not merely a procedural defect, the fund has waived this issue. See *Tucker v Clare Bros Ltd,* 196 Mich App 513, 519-520, 519, n 2; 493 NW2d 918 (1992).

Affirmed in part, reversed in part, and remanded for modification of the consent judgments. We do not retain jurisdiction.