JONES v McCULLOUGH

Docket No. 199502. Submitted January 14, 1998, at Grand Rapids. Decided January 27, 1998, at 9:00 A.M.

Daniel and Merry Jones brought a third-party tort action in the Calhoun Circuit Court against Earl McCullough, personal representative of the estate of Billy J. Causey, Jr., deceased, seeking damages for injuries sustained by the plaintiffs when their vehicle collided with a vehicle driven by Causey. The accident occurred while Daniel Jones was in the course of his employment. The parties settled the case and the action was dismissed. The settlement was for Daniel Jones' injuries and Merry Jones' derivative claim for loss of consortium but did not apportion the proceeds between the plaintiffs. The action was reopened when the court granted a motion by the employer's worker's compensation insurer, Auto-Owners Insurance Company, who had paid benefits to Daniel Jones, to intervene in the action to obtain reimbursement for the amounts paid. Auto-Owners claimed that the entire amount of the settlement was subject to its lien for the benefits paid. The court, Stephen B. Miller, J., ruled that Auto-Owners' lien applied to the entire settlement amount. The plaintiffs appealed.

The Court of Appeals *held*:

1. When an employee sues a third-party tortfeasor on the employee's own behalf, any recovery for damages resulting from the employee's personal injuries is subject to the employer's or carrier's right of reimbursement. Because the amount recovered for the derivative claim of the employee's spouse is not an amount to which the employee is entitled but is instead payable for the spouse's own injury, i.e., loss of consortium, the spouse's share of the recovery is not subject to the lien.

2. Auto-Owners is entitled to reimbursement from that portion of the settlement proceeds allocated to Daniel Jones' injuries only. The order of the court must be reversed and the matter must be remanded for an apportionment of the settlement proceeds between the plaintiffs.

Reversed and remanded.

WORKER'S COMPENSATION — THIRD-PARTY TORTFEASORS — INSURANCE CARRIERS — REIMBURSEMENT OF BENEFITS.

When an employee sues a third-party tortfeasor on the employee's own behalf, any recovery for damages resulting from the employee's personal injuries is subject to the employer's or its worker's compensation carrier's right of reimbursement; because the amount that the employee's spouse is entitled to recover in a derivative claim, i.e., loss of consortium, is payable for the spouse's own injury and is not an amount that the injured employee is entitled to recover, the amount that the spouse is entitled to recover is not subject to the lien of the employer or its carrier (MCL 418.827[5]; MSA 17.237[827][5]).

*Bloom, Kavanaugh & Lonnerstater* (by *Gary M. Bloom*), for the plaintiffs.

*Ryan, Jamieson and Morris* (by *Ronald W. Ryan*), for Auto-Owners Insurance Company.

Before: Neff, P.J., and Sawyer and Murphy, JJ.

Per Curiam. Plaintiffs appeal as of right from the circuit court's order holding that the entire settlement amount recovered in a third-party tort action was subject to intervening defendant, Auto-Owners Insurance Company's, worker's compensation lien pursuant to MCL 418.827(5); MSA 17.237(827)(5). We reverse and remand.

In the course of his employment with Brookside Auto Company, plaintiff Daniel Jones drove to an automobile auction. His wife, plaintiff Merry Jones, accompanied him. En route to the auction, both plaintiffs were injured when a vehicle being driven by defendant Earl McCullough's decedent collided with their vehicle. Plaintiffs filed this negligence action, seeking damages for their injuries and for loss of consortium. The parties settled the case, which was then dismissed.

The case was reopened when the court granted a motion by Auto-Owners Insurance Company, Brook-

side's worker's compensation insurance carrier, who had paid benefits to Mr. Jones, to intervene to obtain reimbursement for the amounts paid pursuant to statute. At issue was the $85,000 settlement paid for Mr. Jones' injuries and his wife's derivative claim for loss of consortium. Plaintiffs claimed that Auto-Owners was entitled to reimbursement from Mr. Jones' share of the proceeds but not from his wife's share, which they urged the court to apportion at fifty percent. Auto-Owners argued that the entire amount was subject to its lien, but, if it was not, Mrs. Jones' share should be apportioned at no more than five percent. Without determining the portion of the proceeds attributable to Mrs. Jones' derivative claim, the trial court ruled that pursuant to *Piper v Pettibone Corp*, 450 Mich 565; 542 NW2d 269 (1995), Auto-Owners' lien applied to the entire settlement amount.

The statute at issue provides as follows:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his or her dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall immediately be paid to the employee or his or her dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits. [MCL 418.827(5); MSA 17.237(827)(5).]

When an employee sues a third-party tortfeasor on the employee's own behalf, "any recovery" for damages resulting from the employee's personal injuries is subject to the employer's or carrier's right of reim-

bursement. Because the derivative claim of the employee's spouse is not an amount that the employee is entitled to recover but is instead payable for the spouse's own injury, i.e., loss of consortium, the spouse's share of the recovery is not subject to the lien. See, e.g., *Beaudrie v Anchor Packing Co*, 206 Mich App 245, 249, n 2; 520 NW2d 716 (1994); *Tucker v Clare Bros Ltd*, 196 Mich App 513; 493 NW2d 918 (1992); *Hearns v Ujkaj*, 180 Mich App 363, 370; 446 NW2d 657 (1989); *Fritsch v Magnaflux Corp*, 150 Mich App 573; 389 NW2d 94 (1986); *Treadeau v Wausau Area Contractors, Inc*, 112 Mich App 130; 316 NW2d 231 (1982); *Logan v Edward C Levy Co*, 99 Mich App 356; 297 NW2d 664 (1980); *Manninen v Warner & Swasey Co*, 80 Mich App 253; 263 NW2d 341 (1977); *Lone v Esco Elevators, Inc*, 78 Mich App 97; 259 NW2d 869 (1977). When, on the other hand, an employee is fatally injured and the employee's dependents or personal representative file a wrongful death action, "any recovery" for damages resulting from the employee's death is subject to the employer's or carrier's right of reimbursement even though those damages include an award for loss of society and companionship. *Eddington Estate v Eppert Oil Co*, 441 Mich 200; 490 NW2d 872 (1992). Such damages are not the same as common-law loss of consortium damages, which is why loss of consortium damages are not treated the same as loss of society and companionship damages allocated in a wrongful death action. *Id.* at 207, n 5.

In *Piper*, the injured employee filed a third-party tort action; his wife filed a derivative claim. *Piper, supra* at 567. They settled the case for far less than the amount of the employer's lien and successfully

petitioned the trial court to reimburse the employer for only a small percentage of its lien. *Id.* at 568. The Supreme Court held that the clear language of the statute mandated that the entire judgment, less expenses, must be used to reimburse the employer for the compensation benefits it had paid despite the fact that operation of the statute "deprives the plaintiffs of the proceeds of their recovery from" the defendant. *Id.* at 572. Because the Supreme Court was not called upon to determine the issue raised herein, that one statement in *Piper* cannot be construed as overruling *Lone* and its progeny. We are certain that had the Supreme Court intended such a result, it would not have done so in such an oblique manner. At best, all that can be said is that the Court recognized that the Pipers were losing sums recovered for Mr. Piper's injuries that they, as husband and wife, would normally share.

Auto-Owners is entitled to reimbursement from that portion of the settlement proceeds allocated to Mr. Jones' injuries only. Because the trial court did not apportion the proceeds between the plaintiffs, we reverse its order and remand the case for such a determination to be made.

Reversed and remanded. We do not retain jurisdiction.