*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES DUANE FINCH,

Defendant-Appellant.

UNPUBLISHED
January 21, 2020

No. 346412
Jackson Circuit Court
LC No. 76-009004-FH

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant appeals the judgment of sentence entered following resentencing for his 1977 convictions of first-degree felony murder, MCL 750.316(1)(b), and conspiracy to commit first-degree murder, MCL 750.157a, offenses he committed when 16 years old. On May 11, 1977, the trial court sentenced defendant to life without parole (LWOP) for both offenses. Because the United States Supreme Court in *Miller v Alabama*, 567 US 460; 132 S Ct. 2455; 183 L Ed2d 407 (2012), held unconstitutional the imposition of mandatory LWOP sentences on juveniles, the circuit court held a lengthy hearing on September 19, 2018. At the completion of this hearing and after having had the benefit of closing argument from both the prosecution and defense, the court stated:

> In taking all of those things into consideration, Mr. Finch, I am going to sentence you to 40 to 60 years in the department of corrections on both counts one and three. And you have the credit that you have.

The prosecution interposed no objections to defendant's resentencing on both counts. On September 26, 2018, the circuit court entered its judgment of sentence imposing a term of 40 to 60 years' incarceration with credit for 15,404 days on both counts.

After entry of the sentence, the Michigan Department of Corrections (MDOC) communicated with the sentencing court regarding resentencing defendant on the conspiracy count. The circuit court then on its own initiative scheduled another resentencing hearing for October 15, 2018. It held this hearing to address whether or not it had the authority to amend defendant's conspiracy sentence, which as a result of *People v Jahner*, 433 Mich 490; 446

-1-

NW2d 151 (1989), had been converted from life without parole to a sentence of life imprisonment with the possibility of parole. Following the hearing, the trial court issued an opinion and order amending defendant's judgment of sentence to a term of 40 to 60 years on Count 1, felony murder; and life on Count 3, conspiracy to commit first-degree murder. For the reasons stated herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's convictions arose from a killing that took place in Jackson, Michigan, on August 15, 1976. The victim's girlfriend promised defendant and two of his friends $40,000 to kill the victim, a person with whom they were acquainted. Defendant and his codefendants entered the victim's home and defendant struck him in the face with a wrench. They then bound and gagged the victim. Defendant and one of his codefendants ransacked the home looking for money. Defendant left the home before one of his codefendants beat the victim and then stabbed him 37 times which resulted in the victim's death. Defendant was tried, convicted, and sentenced to mandatory LWOP for felony murder and conspiracy to commit first-degree murder.

In *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), the United States Supreme Court held unconstitutional the imposition of mandatory LWOP sentences for juveniles as violative of the Eighth Amendment's ban on cruel and unusual punishment, and gave its decisions retroactive application to all juvenile murderers serving LWOP sentences. In response to the *Miller* decision, our Legislature enacted MCL 769.25 and 769.25a, which apply to the sentencing of criminal defendants convicted of first-degree murder and felony murder who were less than 18 years of age at the time they committed the sentencing offense. MCL 769.25(1). The statute requires the prosecutor to file a motion if the prosecutor intends to seek resentencing and the imposition of LWOP. MCL 769.25(3) through (6). If a motion is not filed, the sentencing court must impose a maximum sentence of no more than 60 years with a minimum sentence of "not less than 25 years or more than 40 years." MCL 769.25(4) and (9).

In this case, the prosecutor moved for resentencing defendant to LWOP. Defendant opposed the motion and requested 25 to 60 years' imprisonment with credit for time served and accumulated disciplinary credits. Defendant argued that the *Miller* factors favored the imposition of the sentence prescribed by MCL 769.25(9). On September 19, 2018, the sentencing court conducted a *Miller* hearing. The prosecution argued for resentencing defendant to LWOP. Defendant expressed regret for his involvement in the offenses and informed the sentencing court that he asked the victim's family's forgiveness. He admitted that he hurt many people. A representative of the victim's family made a statement in the hearing that " . . . our consensus is that he be given an opportunity to work toward parole." Both defense counsel and the prosecution made *Miller* factor arguments. The sentencing court considered each *Miller* factor and stated on the record that it would resentence defendant to 40 to 60 years' imprisonment for both counts of conviction with credit for 15,404 days served. On September 26, 2018, the sentencing court entered its judgment of sentence that imposed 40 to 60 years' imprisonment for defendant's first-degree felony murder conviction and his conspiracy conviction.

Later the MDOC contacted the sentencing court regarding the new sentence imposed for defendant's conspiracy conviction and represented that the sentencing court should not have resentenced defendant on that conviction because it believed that a conspiracy conviction was a parolable offense for which *Miller* did not require resentencing. A writ of habeas corpus issued on October 3, 2018, that required the MDOC to deliver defendant for resentencing. Defendant filed a memorandum opposing resentencing on the grounds that the September 26, 2018 judgment of sentence had been validly entered, the court lacked authority to change the judgment of sentence because no motion had been filed requesting such action, no clerical mistake had been made to permit the court to change the judgment under MCR 6.435(A), and MCR 6.435(B) only permitted a court's correction if it had not yet entered judgment in the case. Further, defendant argued that the sentencing court properly resentenced him for his conspiracy conviction because MCL 769.25a required resentencing him for both his conviction of first-degree felony murder and his conviction of conspiracy to commit that murder. Defendant explained that he received mandatory LWOP sentences for both offenses which were inextricably linked. He argued that, because he was sentenced originally to LWOP for both offenses, the resentencing court could and did properly resentence him to valid sentences for both offenses. Defendant asserted that to allow a nonparolable life sentence or a parolable life sentence to stand would constitute a violation of the Eighth Amendment because he was a juvenile offender entitled to a meaningful opportunity for release.[1]

The sentencing court held a resentencing hearing on October 10, 2018, to address the sentencing issue related to his conspiracy conviction. Defendant argued that the sentencing court had entered a valid judgment of sentence with no clerical error that would permit modification of defendant's sentence. Defendant contended that the sentencing court lacked authority to change defendant's sentence and asserted that, if the prosecution objected to the judgment of sentence, it could file an appeal. The prosecution countered that, for a conspiracy conviction, one could be sentenced to life with the possibility of parole under *Jahner*. The prosecution asserted that such sentence lacked eligibility for a *Miller* hearing or resentencing. The prosecution argued that the sentencing court could revisit its ruling and amend the judgment of sentence to impose a life sentence for that conviction.

The sentencing court took the matter under advisement and later issued an opinion and order on October 15, 2018, in which it opined that MCR 6.435 permitted it to reconsider, modify, or correct a judgment of sentence. The sentencing court stated that, pursuant to *Jahner*, the sentence it imposed for defendant's conspiracy conviction "was invalid because that Count was ineligible for resentencing pursuant to *Miller* and its progeny." The sentencing court ordered that defendant's judgment of sentence be amended to reflect its ruling. On October 15, 2018, the sentencing court entered an amended judgment of sentence that changed defendant's sentence for his conspiracy conviction from a term of years to a life sentence.

## II. STANDARD OF REVIEW

---

[1] While not directly relevant to this Court's decision, we note that defendant was released from incarceration with the MDOC to parole status on September 4, 2019.

We review sentencing decisions for an abuse of discretion. See *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990); *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). We review de novo arguments involving the interpretation and application of statutes. *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009).

## III. ANALYSIS

Defendant first argues that Michigan's resentencing statute, MCL 769.25(2), required the sentencing court to resentence him on his conspiracy conviction and erred when it revoked the judgment of sentence entered on September 26, 2018. He argues further that the sentencing court erred in sentencing him to a greater punishment on his conspiracy conviction than the underlying murder conviction. Respecting these related claims of error, we disagree.

Michigan's conspiracy statute, MCL 750.157a, provides in pertinent part that:

> Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein:

> (a) Except as provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is punishable by imprisonment for 1 year or more, the person convicted under this section shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed.

MCL 750.316 provides that anyone found guilty of first-degree murder "shall be punished by imprisonment for life without eligibility for parole."[2] Additionally,

> the so-called "lifer law" provides that those convicted of the substantive crime of first-degree murder are not eligible for parole consideration:

> > "A prisoner under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree . . . who has served 10 calendar years of the sentence is

---

[2] MCL 750.316 provides in relevant part:

> a person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life without eligibility for parole:

> * * *

> (b)   Murder committed in the perpetration of, or attempt to perpetrate, . . . robbery, . . . breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind . . . .

-4-

subject to the jurisdiction of the parole board and may be released on parole by the parole board . . . ." [*Jahner*, 433 Mich at 495-496, quoting former version of MCL 791.234(4)].

In *Miller*, 567 US at 470, the United States Supreme Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." After *Miller*, juveniles may still receive sentences of life without the possibility of parole. *Id*. at 480. However, before imposing such a sentence, the trial court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*.

In response to *Miller*, our Legislature enacted MCL 769.25, which provides, in relevant part:

(1) This section applies to a criminal defendant who was less than 18 years of age at the time he or she committed an offense described in subsection (2) if either of the following circumstances exists:

(a) The defendant is convicted of the offense on or after the effective date of the amendatory act that added this section [(March 4, 2014)].

\* \* \*

(2) The prosecuting attorney may file a motion under this section to sentence a defendant described in subsection (1) to imprisonment for life without the possibility of parole if the individual is or was convicted of any of the following violations:

\* \* \*

(b) A violation of . . . 750.316 . . . .

\* \* \*

(d) Any violation of law involving the death of another person for which parole eligibility is expressly denied under state law.

(3) If the prosecuting attorney intends to seek a sentence of imprisonment for life without the possibility of parole for a case described in subsection (1)(a), the prosecuting attorney shall file the motion within 21 days after the defendant is convicted of that violation.

\* \* \*

(9) If the court decides not to sentence the individual to imprisonment for life without parole eligibility, the court shall sentence the individual to a term of imprisonment for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years.

-5-

In *Jahner*, 433 Mich at 493, our Supreme Court considered whether persons sentenced to life imprisonment for conspiracy to commit first-degree murder were eligible for consideration for parole. It explained that, although being found guilty of conspiracy to commit first-degree murder is an "extremely heinous offense," it differed from being convicted of first-degree murder. *Id*. at 498. The Court concluded: "Accordingly, the parole prohibition in the 'lifer law' which expressly applies to first-degree murder does not apply to the separate and distinct crime of conspiracy to commit that offense." *Id*. The Court ruled "that a person sentenced to life imprisonment for conspiracy to commit first-degree murder is eligible for parole consideration" and stated that its decision constituted a clarification of existing law entitled to retroactive application. *Id*. at 504.

At his original sentencing in 1977, the trial court imposed LWOP sentences upon defendant for both the first-degree felony murder and conspiracy to commit first-degree murder offenses. On September 26, 2018, the sentencing court resentenced defendant to 40 to 60 years' imprisonment for both first-degree felony murder and conspiracy to commit first-degree murder.

We must determine first whether defendant's sentence for conspiracy is subject to MCL 769.25. The conspiracy statute, MCL 750.157a, is not one of the offenses listed in MCL 769.25(2). Therefore, the commission of a conspiracy offense, in and of itself, would not be subject to MCL 769.25. However, pursuant to MCL 769.25(2)(d), the statute applies to "[a]ny violation of law involving the death of another person for which parole eligibility is expressly denied under state law." In this case, defendant's conspiracy offense concerned a "violation of law involving the death of another person . . . ." The conspiracy he joined took action that resulted in the death of another person. Thus, the first condition of MCL 769.25(2)(d) is met.

We next consider the second condition, i.e., whether a defendant convicted of conspiracy to commit first-degree murder is expressly denied parole eligibility under state law. Although the trial court originally imposed a mandatory LWOP sentence upon defendant, after *Jahner*, defendant became eligible for parole for his conviction of conspiracy to commit first-degree murder. *Jahner's* retroactive application modified defendant's LWOP sentence for his conspiracy conviction to a life with the possibility of parole sentence. Therefore, his sentence for conspiracy to commit murder did not fall under MCL 769.25, and there is no relief to be had under that statute. Nor is there relief to be had under *Miller*, which holds only that mandatory sentences for juveniles of life without parole violate the Eighth Amendment.

Following *Jahner*, the penalty for conspiracy to commit first-degree murder is a mandatory life sentence with the possibility of parole. Because defendant is eligible for parole, MCL 769.25 is not implicated. For the same reason, *Miller* is not implicated. The trial court satisfied MCL 769.25 respecting defendant's sentence for first-degree murder. Accordingly, no error warrants relief. MCL 769.25 does not provide a basis to resentence defendant for the conspiracy conviction, and we hold that the trial court did not error in refusing to resentence defendant based on this proffered argument.

Respecting the trial court's decision not to resentence defendant for his conspiracy conviction, defendant argues that the sentencing court improperly imposed greater punishment for that offense than his underlying first-degree felony murder conviction. Defendant argues that our Supreme Court, in *People v Denio*, 454 Mich 691, 712; 564 NW2d 13 (1997), held that the

sentence on the conspiracy count must be equal to whatever penalty he ultimately received in connection with the substantive crime that he conspired to commit. In *Denio*, however, the Court explained that conspiracy "is a crime that is separate and distinct from the substantive crime that is its object. Furthermore, the crime of conspiracy does not merge into the offense committed in furtherance of the conspiracy" *Id*. (citations omitted). The Court held that separate sentences could be imposed for the substantive crime and conspiracy to commit that offense. *Id*. The Court did not hold that a defendant must be punished equally for the conspiracy and the underlying offense.

Moreover, defendant has presented no authority that prohibits the imposition of a sentence for a conspiracy conviction more severe than the sentence for the underlying offense. Therefore, the punishment set forth in MCL 750.157a applied. Accordingly, defendant's argument in this regard lacks merit.

Defendant also argues that the trial court erred in amending his valid judgment entered September 26, 2018. We disagree.

This Court reviews de novo arguments involving the interpretation and application of statutes and court rules. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017). The same legal principles governing the interpretation of statutes govern the interpretation of court rules. *Id*.

Two court rules, MCR 6.435 and MCR 6.429, provide sentencing courts authorization to amend orders including judgments of sentence under specified circumstances. During 2017, our Supreme Court addressed the interplay of these two rules. In *Comer*, 500 Mich at 292, our Supreme Court agreed with this Court's determination that the defendant's sentence was invalid because the trial court failed to impose lifetime electronic monitoring as statutorily required. The Court considered whether the trial court could amend the defendant's judgment of sentence on its own initiative 19 months after judgment on the sentence had entered. *Id*. at 293. The Court first analyzed MCR 6.435 which provides:

> (A) Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> (B) After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

The Court noted that subsection (A) did not apply because no clerical mistake had been made. *Id*. The Court concluded that the trial court made a "substantive mistake, which is the province of MCR 6.435(B)." *Id*. Our Supreme Court explained that a sentencing "court's ability to correct substantive mistakes under MCR 6.435(B) ends upon entry of the judgment." *Id*. at 294.

The Court then analyzed MCR 6.429(A) which then provided:

A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law.

It concluded that the court rule authorizes correction of an invalid sentence upon either party's decision to file a motion to seek correction. *Id*. at 295. The Court explained that the rule permitted a sentencing court to correct an invalid sentence but not modify a valid sentence. *Id*. The Court stated that MCR 6.429(B) governs the process and timing for filing a motion by a party. *Id*. The Court noted that MCR 6.429 "is conspicuously silent on the court's authority to correct an invalid sentence sua sponte." *Id*. at 296. The Court considered MCR 6.429 in relation to MCR 6.435(B) which it concluded provides the general rule that a trial court may correct substantive sentencing mistakes only until judgment is entered. Our Supreme Court concluded that MCR 6.429(A) required a party to timely move the sentencing court to correct an invalid sentence upon which judgment had already entered, but the rule did not authorize a trial court to do so sua sponte. *Id*. at 296-297. The Court clarified:

> In sum, when considering MCR 6.435 and MCR 6.429 together, we conclude that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence. Thereafter, an invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429. [*Id*. at 297-298.]

The Court then remanded the case to the trial court to reinstate the original judgment of sentence. *Id*. at 301.

After our Supreme Court decided *Comer*, MCR 6.429 was amended, effective September 1, 2018, to authorize sentencing courts to sua sponte correct invalid sentences within six months of entry. MCR 6.429 now provides:

> The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

In this case, after conducting the *Miller* hearing, the sentencing court entered its judgment of sentence on September 26, 2018. It did so under the statutory authority set out in MCL 769.25 and 769.25a, but, as explained earlier, neither *Miller* nor any statute gave the sentencing court the authority to resentence defendant on the conspiracy conviction. Thus, with respect to the conspiracy conviction, the sentencing court's September 26, 2018 order was invalid.

The MDOC communicated with the trial court shortly thereafter regarding the invalidity of resentencing defendant on his conspiracy conviction. The sentencing court ordered the parties to appear at a hearing and defendant took the opportunity to file a memorandum advising the sentencing court of his opinion that the judgment of sentence had been validly entered and that the sentencing court lacked authority to change defendant's sentence. The trial court entered its

amended judgment of sentence on October 15, 2018. The trial court's action at that time was subject to the amended version of MCR 6.429(A) and it made its change to the judgment of sentence within the 6-month period following entry of its invalid sentence. Under MCR 6.429(A), the sentencing court had authority to revisit and correct its previously entered invalid judgment of sentence respecting defendant's conspiracy conviction. Under the amended rule, the prosecution did not have to file a motion to correct defendant's sentence if the sentencing court chose to sua sponte amend defendant's sentence as it did in this case. In so doing, the sentencing court did not err because it had authority to amend or change defendant's invalid sentence after the judgment of sentence had been entered. The sentencing court's resentencing of defendant for his conspiracy conviction to a term of years resulted in an invalid sentence that the sentencing court had authority to amend sua sponte under MCR 6.429(A) within six months of entry of the invalid sentence. The sentencing court acted promptly and gave the parties an opportunity to be heard and appropriately corrected defendant's invalid sentence.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford